UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY PIKAART,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:06-cv-435

Honorable Robert Holmes Bell

**REPORT AND RECOMMENDATION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a partially favorable decision of the Commissioner of Social Security finding that plaintiff was disabled and entitled to disability insurance benefits (DIB) during the closed period from February 28, 2002 through April 7, 2003, but not thereafter. Plaintiff filed his application for benefits on December 13, 2002 (A.R. 50-52), claiming a February 28, 2002 onset of disability. Plaintiff's claim was denied on initial review. (A.R. 31-36).

On September 27, 2004, plaintiff received a hearing before an administrative law judge (ALJ) at which he was represented by counsel. (A.R. 326-56). Before the hearing, plaintiff's attorney had submitted a pre-hearing statement which did not include any claim that plaintiff suffered from a mental impairment. (A.R. 112). During the hearing, the ALJ was unable to obtain a direct answer from plaintiff whether he was alleging that functional limitations from a mental impairment adversely impacted his ability to work:

Q. Okay. Well let me ask you about depression. Well, I'm not sure if your even alleging depression. Are you alleging that --

A Well, there's sometimes I get depressed, you know, like I'll wake up days and say, you know, why am I doing this and just give up the whole day and not do anything.

Q Well are you taking any medication for depression?

A No.

Q All right. Have you ever been on medication such as Paxil or Prozak?

A No.

Q No. Have you ever been in counseling?

A No, I haven't.

Q Okay. Do you find that when you feel depressed or feel down that you're able to shake it or somehow get through it and go on and continue?

A I seem to get through it, everybody else kind of gathers around me to just get going.

(A.R. 338-39). The questions posed by plaintiff's attorney suggested that plaintiff was not claiming that he suffered from any mental impairment. The questions the attorney directed to plaintiff were limited to inquiries regarding the medication that plaintiff was taking for his heart condition and plaintiff's subjective claim that he needed to elevate his legs for pain relief. (A.R. 348-350). The questioning of the vocational expert (VE) was similarly restricted. Plaintiff's attorney asked the VE whether plaintiff's purported need to elevate his legs would have an adverse impact on the number of jobs the VE had previously identified. (A.R. 355). Plaintiff's attorney made no argument alerting the ALJ that plaintiff was claiming functional limitations based on a mental impairment.

On December 14, 2004, the ALJ issued a decision finding that plaintiff was disabled from February 28, 2002 through April 7, 2003. The ALJ found that plaintiff's medical condition had

improved with treatment. The ALJ found that plaintiff was not disabled on and after April 8, 2003. (A.R. 13-21). On April 27, 2006, the Appeals Council denied review (A.R. 4-6), and the ALJ's decision became the Commissioner's final decision. On June 21, 2006, plaintiff filed a complaint seeking review of the portion of the Commissioner's decision denying plaintiff's claim for DIB benefits for the period after April 7, 2003.[1]

Plaintiff's brief contains the following statement of error:

> THE ALJ WAS IN ERROR AS HE DID NOT ACKNOWLEDGE IN HIS DECISION OR FINDINGS THE EXISTENCE OF MENTAL IMPAIRMENTS, OR MEDICAL EVIDENCE SUPPORTING MENTAL IMPAIRMENTS, NOR DID HE MAKE A FINDING AS TO THE LEVEL OF THE SEVERITY OF THOSE IMPAIRMENTS.

(Plf. Brief at 3, docket # 9). Upon review, I find that plaintiff's argument does not provide any basis for disturbing the Commissioner's decision, and I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402

[1]Plaintiff received DIB benefits through June 30, 2003, the end of the second calendar month after the month in which the plaintiff's disability ceased. (A.R. 21; Plf. Brief at 5); *see* 20 C.F.R. § 404.316(b)(3).

U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on February 28, 2002, his alleged onset of disability, and continued to meet the requirements through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. The ALJ found that plaintiff had severe impairments of ischemic heart disease, peripheral vascular arterial disease, and status post multiple heart and vascular surgeries. Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ gave full credibility to plaintiff's subjective complaints "from February 28, 2002 through April 7, 2003, but not thereafter." (A.R. 20). The ALJ found that as of April 7, 2003, plaintiff had experienced medical improvement in his impairments and that the improvement related to plaintiff's ability to work. The ALJ found that after April 7, 2003, plaintiff retained the following residual functional capacity (RFC):

> occasionally lift and carry 20 pounds, frequently 10 pounds; stand and/or walk (with normal breaks about six hours during an eight-hour workday; sit (with normal breaks) about six hours during an eight-hour workday; occasional climbing, stooping, kneeling, crouching; and frequent balancing.

(*Id.*). Plaintiff was unable to perform his past relevant work. Plaintiff was 49 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. Plaintiff has more than a high school education. The ALJ found that plaintiff did not have "transferable work skills from any past relevant work and/or transferability of skills [was] not an issue in the case." (*Id.*). In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were 11,200 jobs within the State of Michigan that

the hypothetical person would be capable of performing.[2] (A.R. 354-55). The ALJ held that this constituted a significant number of jobs. Using Rule 202.21 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 13-21).

**1.**

Plaintiff asks the court to overturn the Commissioner's because "The ALJ was in error as he did not acknowledge in his decision or findings the existence of mental impairments, or medical evidence supporting mental impairments, not did he make findings as to the level of severity of those impairments." (Statement of the Issue, Plf. Brief at 3, docket # 9). Plaintiff argues that, "The ALJ failed in his decision to acknowledge the Claimant's allegation of a mental impairment or to mention the psychiatric review technique, (PRT) completed by Robert L. Newhouse MD." (*Id.* at 8). Plaintiff's arguments are frivolous.

Plaintiff never alleged that he was claiming a mental impairment. The entirety of the medical evidence plaintiff now relies on to support a belated claim of a disabling mental impairment consists of (1) a January 23, 2003 statement in his physician's progress notes stating that plaintiff had appeared "somewhat depressed" during a postoperative recovery period, but offering no diagnosis or treatment recommendation (A.R. 323); and (2) a notation dictated by a physician's assistant on February 23, 2003 indicating that plaintiff "still had some emotional issues to deal with as far as employment and personal life [were] concerned" (A.R. 322), again offering no diagnosis

---

[2]The hearing transcript indicates that the VE identified 42,000 light assembly jobs. (A.R. 335). The ALJ's opinion states that the VE identified 4,200 light assembly jobs. (A.R. 19). It is unclear whether the ALJ considered 42,000 to be a typographical error or a misstatement by the VE of "forty-two thousand" when he meant "forty-two hundred." Any error by the ALJ in this regard worked to plaintiff's advantage.

or treatment recommendation. (A.R. 322). The ALJ found that plaintiff was not disabled after April 7, 2003, and there is no evidence of any mental impairment during that time frame. Plaintiff presented no evidence that he had functional limitations stemming from any mental impairment. He had no history of treatment, hospitalization, medication, or counseling for any mental impairment. The PRT form (A.R. 301-14) was entirely consistent with the ALJ's decision because it stated that plaintiff had no medically determinable mental impairment, and that he had no functional limitations stemming from any mental impairment.

**2.**

The ALJ issued his decision on December 14, 2004. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied discretionary review. The Commissioner's decision did not purport to address plaintiff's condition during any time period after December 14, 2004. Plaintiff's brief makes an allusion to plaintiff being hospitalized "in the summer of 2006," without offering any supporting medical evidence:

> The Claimant was subsequently hospitalized in the summer of 2006 on vascular complications in his legs. He underwent surgery for the arterial disease at that time. This is new evidence, which has not been presented to either the [A]ppeals [C]ouncil or this Court. If this case is remanded the new evidence should be considered as relevant. It was also evidence that was not available at the hearing level.

(Plf. Brief at 7, docket # 9). If plaintiff is asking this court to consider "evidence" that was never presented to ALJ in determining whether the ALJ's decision is supported by substantial evidence, the request is improper. For more than a decade it has been clearly established law within the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. The same cases established that this court must base its review of

the ALJ's decision upon the administrative record presented to the ALJ. The Sixth Circuit has repeatedly held that where, as here, the Appeals Council denies review and the ALJ's decision becomes the Commissioner's decision, the court's review is limited to the evidence presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also Osburn v. Apfel*, No. 98-1784, 1999 WL 503528, at * 4 (6th Cir. July 9, 1999) ("Since we may only review the evidence that was available to the ALJ to determine whether substantial evidence supported [his] decision, we cannot consider evidence newly submitted on appeal after a hearing before the ALJ."). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline*, 96 F.3d at 148.

A request for a remand to the Commissioner appears in the last sentence of plaintiff's brief. (Plf. Brief at 11). "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It can consider such evidence in determining whether a sentence six remand is appropriate. *See Foster*, 279 F.3d at 357; *Cline*, 96

F.3d at 148; *Cotton*, 2 F.3d at 696. Indulgently, plaintiff's request for remand will also be analyzed as a request for remand pursuant to sentence six of 42 U.S.C. § 405(g).

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the "evidence" plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d at 148; *Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004) (A sentence six remand "requires that all three elements be met."). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff has not addressed, much less carried his burden with regard to any of the three statutory requirements.

Plaintiff has not submitted new evidence. The statement in plaintiff's brief that plaintiff was "hospitalized in the summer of 2006" is simply not evidence. *See Stone Motors Co. v. General Motors Corp.*, 293 F.3d 456, 467 n.6 (8th Cir. 2002); *Vivid Tech., Inc. v. American Sci. & Eng'g, Inc.*, 200 F.3d 795, 812 (Fed. Cir. 1999); *Walker v. Northwest Airlines, Inc.*, No. Civ. 00-2604, 2004 WL 114977, at * 4 (D. Minn. Jan. 14, 2004) ("It is well established that statements of counsel are not evidence. . . ."). If plaintiff's attorney had actually submitted plaintiff's medical records from 2006 as exhibits, the medical records would be considered "new" because they were created after the ALJ issued his decision. *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357.

Contrary to plaintiff's apparent assumption, "good cause" is not established solely because evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why

the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause); *Cranfield v. Commissioner*, 79 F. App'x 852, 859 (6th Cir. 2003) (same). Plaintiff's brief fails to address his burden of demonstrating good cause. Plaintiff has not carried his burden of explaining why this evidence was not obtained earlier and submitted to the ALJ before his decision. Plaintiff has not shown "good cause."

Finally, in order to establish materiality, plaintiff must show that the introduction of the evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, No. 06-5734, 2007 WL 162997, at *2 (6th Cir. Jan. 23, 2007). Plaintiff has not addressed or carried this statutory burden. Upon review, there is no basis for finding a reasonable probability that the Commissioner would have reached a different decision if the evidence referred to on page 7 of plaintiff's brief had been presented and considered.

In summary, plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Accordingly, I recommend that plaintiff's request for remand be denied.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed and that plaintiff's request for a sentence six remand be denied.

Dated: May 3, 2007

/s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).